UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENT SEXTON,

    Petitioner,

v.

    Case No. 14-11338
    Honorable Laurie J. Michelson
    Magistrate Judge Paul J. Komives

DUNCAN MACLAREN,

    Respondent.

_____/

## OPINION AND ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court on Kent Sexton's "Petition for Campbell Soup Motion to Correct A Clerical Mistake." (Dkt. 1.) Sexton is in the custody of the Michigan Department of Corrections following convictions for solicitation to commit murder, conspiracy to commit murder, and conspiracy to obstruct justice. He argues that the state court judgment of sentence incorrectly reflects a conviction under Mich. Comp. Laws § 750.316A, the section of the Michigan Penal Code governing the crime of first-degree murder. Petitioner maintains that the judgment of sentence should, instead, reflect a conviction under Mich. Comp. Laws § 750.157a(a), Michigan's conspiracy statute. The Court dismisses the petition.

**I. STANDARD**

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), and Fed.

R. Civ. P. 8(a)(2)). "[A] district court may, at any time, dismiss sua sponte a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (*citing Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)). A case is frivolous if it lacks arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In addition, because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted. *See Ross v. Baron*, 2012 WL 3590914, at *1 (4th Cir. Aug. 22, 2012) (citing cases).

## II. DISCUSSION

Sexton has filed a "Campbell Soup Motion to Correct a Clerical Mistake." (Dkt. 1.) Federal Rule of Civil Procedure 3 states: "A civil action is commenced by filing a complaint with the court." Prior to the filing of a complaint, "an action has not 'commenced' within the meaning of the Federal Rules" and the Court lacks subject matter jurisdiction to grant relief against any named defendants. *Lusick v. City of Philadelphia*, No. 12-5150, 2013 WL 1187064, *2 (E.D. Pa. March 21, 2013). *See also Gibson v. Department of Corrections*, No. 07-255, 2007 WL 3170688, *1 (N.D. Fla. Oct. 30, 2007) (a party "cannot commence a civil action by filing a motion"); *Luna v. Ford Motor Co.,* No. 06-0658, 2007 WL 837237 *2 (M.D. Tenn. March 14, 2007) ("Prior to the filing of a complaint a court lacks subject matter jurisdiction and is powerless to grant preliminary injunctive relief."); *Illinois Blower, Inc., v. Deltak*, 2004 WL 765187, *2 (N.D. Ill. Apr. 7, 2004) (holding that "jurisdiction does not attach until a complaint is actually filed"). Sexton's motion, therefore, is insufficient to commence a civil action. In addition, Sexton fails to cite any authority for or explain the derivation of a "Campbell Soup"

motion, nor does the motion conform to any pleading standard set forth in the Federal Rules of Civil Procedure.

The Court declines to construe the Petition for Campbell Soup Motion as a petition for habeas corpus relief. Sexton may want to assert additional or different claims for relief in a habeas corpus petition than those contained in this filing. If the Court construes the filing as a habeas petition, the filing of a second or successive habeas petition is foreclosed unless Sexton obtains advance approval for the filing from the Sixth Circuit Court of Appeals. 28 U.S.C. § 2244(b). If Sexton is so inclined, he may re-file this matter as a petition for habeas corpus relief.[1]

### III. CONCLUSION

The Court finds that the instant matter has not been properly commenced under Federal Rule of Civil Procedure 3, and that it fails to conform with any pleading allowed in the Federal Rules of Civil Procedure. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the "Petition for Campbell Soup Motion to Correct a Clerical Mistake" (Dkt. 1) and the matter is closed.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Dated: May 20, 2014

---

[1] Indeed, Sexton previously filed in this court a petition for writ of habeas corpus challenging his convictions for solicitation to commit murder, conspiracy to commit murder, and conspiracy to obstruct justice. That matter (which was assigned to the Honorable Stephen J. Murphy) was dismissed without prejudice because Sexton had not yet exhausted state court remedies. *See* Order Dismissing Petitions for Writ of Habeas Corpus, No. 13-13478 (E.D. Mich Oct. 31, 2013). In that case, Sexton specifically cited 28 U.S.C. § 2254. Thus, if Sexton intended the pending matter to be filed as a habeas corpus petition, he clearly had the knowledge to file it as such.

## CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on May 20, 2014.

                                              s/Jane Johnson
                                              Deputy Clerk